## VICTOR SEWING-MACHINE CO. *v.* CROCKWELL & BASSETT et al.

Where a Principal and Sureties Execute a Bond for the faithful performance by the principal of a written contract with the obligee of the bond, in a suit for breach of the conditions of the bond, the bond and contract must be construed together, and both constitute but one agreement between the parties.

Statute of Limitations.—An action upon a bond given by principals and sureties for the payment by the principals to the obligee in the bond of all indebtedness arising by sales of merchandise upon account by the obligee to the principals is an action upon a liability founded upon an instrument of writing, and is not barred by the statute of limitations until the expiration of four years from the time the indebtedness accrued; the accounts for merchandise sold are not the basis of the action, but only the means of determining the extent of the liability of the obligors on the bond.

Bond, Breach of Conditions of.—B. & C. entered into a written contract with a sewing-machine company, whereby they were to sell as consignees all machines consigned to them by the company, the sales to be made for cash if possible, but under certain restrictions might be made upon time, notes being taken from the purchasers payable to the company; but all notes so taken were to be indorsed by the consignees before delivery to the company, which indorsement, by the terms of the contract, was understood to be a guaranty of the payment of such notes. The consignees were to give their personal notes for proceeds of sales made otherwise than for cash or note of the purchaser. The company were to sell attachments and parts of machines to B. & C., who were to pay for them in cash every thirty days unless otherwise agreed. For the fulfillment of this contract, B. & C. as principals, and the other defendants as sureties, executed a bond to the company, covenanting that the principals should "pay unto said * * * company all moneys due or which shall become due said * * * company, under or pursuant to the * * * contract, whether by notes, renewals, or extensions of notes, or accounts, acceptances, indorsements, or otherwise." In a suit upon the bond, *held*, that the giving or indorsement of notes by the principals was not a cancellation of the obligations of the sureties, who were liable for all sums due to the obligee by B. & C., whether as principal debtors or guarantors.

Appeal from the third district court. This cause was first argued at the June term, 1880, and the opinion filed September 25, 1880 (see 2 Utah, 557); subsequently upon the allowance of a petition for a rehearing, the case was reargued, and the following opinion was delivered. Hon. Jacob S. Boreman, who delivered the first opinion, having in the mean time resigned, he was succeeded by Hon. Stephen P. Twiss. The opinion states the facts.

*Bennett & Harkness*, for the appellant.

*Sutherland & McBride*, for the respondents.

TWISS, J.:

This case comes before us upon a motion for rehearing. The plaintiff seeks to recover judgment upon a bond signed by the defendants Crockwell & Bassett as principals, and the ·other defendants as sureties, upon the breach of a contract between the plaintiff and Crockwell & Bassett. The condition of the bond is " that if said Crockwell & Bassett shall pay unto said Victor Sewing-Machine Company all moneys due or which shall become due said Victor Sewing-Machine Company, under or pursuant to the within contract, whether by notes, renewals, or extension of notes, or accounts, acceptances, indorsements, or otherwise, hereby waiving presentment for payment, notice of non-payment, protests, or notices of protest, and diligence, upon all notes now or hereafter executed, indorsed, transferred, guaranteed, or assigned, and shall well and truly keep and perform in all respects, according to its true intent, the contract or agreements to which this obligation is attached,   *   *   *   then this obligation to be void; otherwise to remain in full force and virtue."

The contract is voluminous, containing stipulations directing in detail the performance of the business therein proposed or contemplated by the parties, which was the consignmemt of sewing-machines by the plaintiff, a corporation having a place of business in Chicago, to Crockwell & Bassett, at Salt Lake City, and the sale thereof by them, as consignees, who were to devote their entire time to the introduction and sale of the Victor sewing-machines, for cash on delivery, if possible, but were allowed, under certain restrictions, to sell upon time, taking notes therefor payable to the plaintiff. All promissory notes so taken were to be guaranteed by the consignees and delivered to the consignor; the blank indorsement thereof by the consignees before delivery to the plaintiff was, by the terms of the contract, made and understood to be a guaranty of the payment of such notes; that the consignees were to report within the time mentioned all sales, whether for cash or for notes, and remit all moneys received; and that

the plaintiff should sell parts of machines and attachments to Crockwell & Bassett, which were to be settled for with cash every thirty days, unless otherwise mutually agreed; and that the consignees might give their personal notes for such machines as they might dispose of otherwise than for cash or note.

The complaint charges that under and in pursuance of said contract, the defendants Crockwell & Bassett gave their orders to the plaintiff for machines and parts of machines; that said orders were received and accepted, and the machines and parts of machines ordered were accordingly delivered; and that Crockwell & Bassett failed and refused to remit to the plaintiff an alleged balance of the proceeds of such machines, and to pay an alleged balance for parts of machines and attachments sold and delivered by plaintiff to them on their order. The plaintiff asks for judgment for the aforesaid balances, as shown by the detailed and itemized accounts referred to in and annexed to the complaint.

The defendants, in their answers, plead the statute of limitations as a defense to that part of the plaintiff's claim arising upon a breach of bond by reason of the failure of the principals thereof to remit money to the plaintiff for machines consigned, or to pay for parts of machines or attachments sold, by plaintiff to Crockwell & Bassett. This plea raises the question of the liability of the defendants upon the bond for the alleged unpaid balances for the machines consigned and parts of machines and attachments sold by the plaintiff to Crockwell & Bassett. The court below ruled that the statute was a bar, of which the appellant complains, and assigns it as an error. Under the statute, an action upon a contract obligation or liability, not founded upon an instrument in writing, is barred unless commenced within two years from the time the right of action accrues, but if founded upon an instrument in writing, is barred unless commenced within four years. By the record, it seems to be admitted that the right of action accrued more than two years before the action was commenced. Is the action on the bond charging as a breach of contract the non-payment of the itemized accounts founded upon an instrument in writing? If it is, the statute is not a bar; but on the contrary, if it is an action upon a contract obligation

or liability *not* founded upon an instrument in writing, it is barred.

The contract was not, and was not intended to be, a consignment of machines or a sale of parts of machines and attachments, and no indebtedness on the part of Crockwell & Bassett was created by its execution and delivery. But it did contemplate and provide that Crockwell & Bassett should give their orders to the plaintiff for machines, upon which plaintiff was " to ship from time to time such machines as in the judgment of the consignors might be necessary for the consignees to do a satisfactory business," and that the consignees should sell the same, and after deducting their commissions, remit the money or proceeds received therefor to the consignor. All of these things were done by the parties, under, in accordance with, and pursuant to the written contract. Although the indebtedness on the part of the consignees to the consignor was created by the receipts of the proceeds of the order for the machines consigned and delivered, and the record fails to show any acknowledgment by the consignees, by report or otherwise, in writing, of such sale and receipts of proceeds, yet all of this business was provided for and directed in detail by the contract which contains the promise in writing of the consignees to remit to the consignor the proceeds of all sales within the time therein named. A failure on the part of the consignees to remit the proceeds of sales of machines consigned, and to pay for the parts of machines and attachments sold, is a breach of the written contract, the faithful performance of which the bond sued upon was given to secure. The accounts annexed to the complaint for machines consigned and for parts of machines and attachments sold are not the basis or the meritorious cause of action, but only a means of ascertaining the amount of indebtedness, if any, due from one party to the other under the written contract. We are, therefore, of the opinion that the action upon the bond, alleging as a breach thereof that Crockwell & Bassett failed and refused to remit the proceeds of the sales of the machines consigned to them by the plaintiff, and to pay for the parts of machines and attachments sold to them, is an action founded upon a contract or obligation in writing, and therefore not within the provision of the statute barring an action brought upon a contract

or obligation not founded upon a written contract or obligation, and that the statute of limitations is not a bar.

It is claimed by the respondents that the agreement of Crockwell & Bassett to guarantee, and that their blank indorsement should constitute a guaranty of, all notes taken by them is not an agreement that such notes shall be paid, or that Crockwell & Bassett should make good their guaranty; that Crockwell & Bassett guaranteed the notes in the very terms of the contract, and having done that, their obligations under the contract ceased. The contract required that Crockwell & Bassett should in certain cases sign, and in other cases guarantee, the notes taken by them for the machines consigned to and sold by them; in this respect they complied with the contract, but they failed to pay the notes thus signed or guaranteed. Is this failure a breach of the bond? I am of the opinion that the condition of the bond requiring Crockwell & Bassett to pay all moneys which should become due "under or pursuant to the within contract, or which shall arise therefrom by notes, renewals, or extensions of notes, acceptances, indorsements, or otherwise, hereby waiving presentment for payment, notice of protest, and diligence, upon all notes now or hereafter executed, indorsed, transferred, guaranteed or assigned," clearly implies, if not expressly asserts, an undertaking in the bond that the failure to pay any note made or guaranteed to the plaintiff by Crockwell & Bassett, under or in pursuance of the contract, was a breach of the bond, and that the obligation of the bond is to be taken and construed together with the contract, and when so construed, there is no doubt as to the obligation of the sureties on the bond to the obligee thereof, upon the failure of the makers and guarantors to pay any of the notes made or guaranteed by Crockwell & Bassett to the plaintiff under and by virtue of the contract.

For these reasons, the case is remanded to the district court for a new trial.

EMERSON, J., concurred.

HUNTER, C. J., dissented.